## YARNAL and TYSON's Appeal, in re SHAMOKIN Coal and Iron Company.

*Where a mortgage was given to trustees to secure such of the creditors of the mortgagor who should agree to accept certificates for their debts, payable in futuro, and the land was sold under an execution, the trustees are entitled to receive the amount payable on the mortgage, and the court cannot, at this stage of the cause, notice holders of the certificates.*

FROM the Court of Common Pleas of Northumberland county.

*July* 21. In 1842, the Shamokin Coal and Iron Company, by indenture reciting an authority to the directors to execute the same, in trust "for the benefit of such creditors as may within sixty days accept certificates of debt in payment of their respective claims under said mortgage," and an authority to the secretary to issue the same, payable with interest, in two, three, and four years, which certificates were to be transferable by endorsement, and that the directors authorized the execution of the mortgage to the appellants; conveyed certain lands to appellants, in trust, to secure certain creditors, as in the above-mentioned authority is set forth.

The trust was accepted.

In 1845, the land was sold, the proceeds paid into court, and an auditor appointed, before whom certain holders of these certificates appeared and claimed distribution. The trustees claimed the whole amount payable on the mortgage, and protested against the right of the certificate holders, at this stage of the proceeding, alleging, among other reasons, the uncertainty whether all who were entitled would appeal, and their consequent liability to such as might be omitted.

The auditor's report, distributing the fund among such of the certificate holders whose claims were presented to him, was confirmed, and this appeal taken.

*Hegins*, for appellant.—There are no certificate holders individually mentioned in the mortgage; and the trustees are bound to receive the money, and are liable for its application; otherwise, why appoint them? These views are clearly sustained by the authorities. Lewin on Trusts, Law Lib. 296, 436; Coote on Mortgage, 8 Law Lib. 232; Meeson's Estate, 4 Watts, 342; Bear *v.* Patterson, 3 Watts & Serg. 233; Barr *v.* McEwen, Bald. 163; Frazer *v.* Hatonely, 1 Bay, 137; Barker *v.* Parkheimer, 2 Wash. C. C. R. 142; Peirce *v.* McKeehan, 3 Watts & Serg. 280.

*Greenough*, for appellees.—The appellants have no interest, for no debt is due to them. If the company had paid the holders, could the trustees object? and here the court has done it. So, if the holders had purchased from the company. In Donnelly *v*. Hays, 17 Serg. & Rawle, 400, the bond holders received the money; 1 Penna. Rep. 280. Why send the fund to another forum for distribution?

*Tyson*, in reply.—The only question is, who is entitled to this trust money? As trustees, we have notice that many of the certificates are unfairly in circulation, nor has an account of them been kept. Hence we would be rendered liable unless protected by regular proceedings. We have a lieu, moreover, for expenses, &c.

*July* 27. PER CURIAM.—It is plain that the fund ought to have been decreed to the mortgagees, whose business it is to distribute it to the creditors for whom they are trustees. What right had the court to take the trust out of their hands, and execute it in their stead? The mortgagee, in Donnelly *v*. Hays, was no further a trustee for his assignees than every holder of the legal title is a trustee. All that was necessary there, was, to treat the assignees as equitable parties, whose interests appeared of record, but who could not have compelled the mortgagee to settle an account. What would be said to a creditor of a decedent plaintiff, coming into court to demand his proportion of the assets recovered by the executor or administrator? He would not be heard. It is the business of the court, in such cases, to make distribution to the representative of a class, and not to the individuals that compose it.

> The decree is consequently reversed, and the money due on the mortgage decreed to the appellants.